UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SANDRA NUNEZ                                CIVIL ACTION

VERSUS                                      NO. 07-6850 c/w
                                            No. 07-7089

FOREST OIL CORPORATION ET AL                SECTION "R"(5)


                        **ORDER AND REASONS**

    Before the Court is the motion to dismiss of defendants Forest Oil Corporation, the M/V CHEROKEE and Zurich American Insurance Company.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendants' motion.


**I. BACKGROUND**

    On October 15, 2007, plaintiff Sandra Nunez sued Forest Oil Corporation, the M/V CHEROKEE, and Zurich American Insurance Company under the Longshore & Harbor Worker's Compensation Act (LHWCA), 33 U.S.C § 905(a), in admiralty and under general maritime law. (R. Doc. 1.)  Plaintiff seeks damages after her husband, Jody R. Nunez, a welder working from the special vessel, the M/V MISS SANDY, was killed in an explosion aboard Forest Oil's barge, the M/V CHEROKEE.  The explosion allegedly resulted from accumulated oil and oil fumes in the hold of the M/V CHEROKEE coming into contact with the decedent's welding torch.

The accident occurred in the Gulf of Mexico at Forest Oil Corporation's "Sweetlake Field" oil platform located at the Garden Island Bay Facility in navigable waters off the coast of Plaquemines Parish, Louisiana. (R. Doc. 41.)  Mr. Nunez was an employee of Forest Oil Corporation at the time of the incident. (R. Doc. 1.)

The Court consolidated Civil Action No. 07-7089 with the instant case. (R. Doc. 10.)  Plaintiffs in 07-7089 include the children of Jody Nunez, Russell Scott Nunez, Melonie Dawn Brister, and Mary Jeanette Richard, as well as Mary Richard's minor child, Victoria Lynn Nunez. (R. Doc. 1, Civ. A. No. 07-7089.)

Defendants seek dismissal of plaintiff Sandra Nunez's claims under Federal Rule of Civil Procedure 12(b)(6), submitting that plaintiff's two causes of action are without merit. Specifically, defendants contend plaintiff has no claim under § 905(a) of the LHWCA because insurance coverage had already been arranged under the LHWCA.  They also posit that plaintiff has no claim under the Jones Act and general maritime law because even if plaintiff's husband were a Jones Act seaman, the spouse of a Jones Act seaman is barred from recovering non-pecuniary damages such as loss of consortium.

After defendants filed the motion to dismiss, plaintiff amended her complaint twice.  Relevant to the current motion to

2

dismiss, plaintiff, citing a typographical error, notes that she brings suit pursuant to § 905(b) of the LHWCA, not § 905(a). (R. Doc. 17.)  Plaintiff also names the M/V MISS SANDY, a special purpose vessel owned, operated, and/or chartered by Forest Oil, as an additional defendant. (R. Doc. 41.)

## II.   LEGAL STANDARD

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal,* 75 F.3d 190, 196, 196 (5th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*.

**III.   DISCUSSION**

**A.   Section 905(a)**

In light of plaintiff's amended pleading to reflect a section 905(b) claim under the LHWCA, the Court finds that defendants' motion to dismiss plaintiff's section 905(a) claim is moot.

**B.   Loss of Consortium**

   *1.   Jones Act*

Defendants contend that plaintiff does not have a cause of action under the Jones Act and therefore her claims for loss of consortium and loss of society should be dismissed.  To the extent that plaintiff's amended complaint seeks non-pecuniary remedies for the spouse of a Jones Act seaman or under general maritime law, the Court finds that defendants' motion has merit. (*See* R. Doc. 1 ¶¶ 21-26.)  Neither the Jones Act nor the general maritime law permits such recovery. *See Williams v. Chemoil Corp.*, 2002 WL 662958, *1, 2 (E.D. La. 2002); *see also Murray v. Anthony J. Bertucci Construction Co.*, 958 F.2d 127, 130, 132 (5th Cir. 1992) (barring recovery for both spouses and children); *Michel v. Total Transportation, Inc.*, 957 F.2d 186, 191 (5th Cir. 1992).  Therefore, to the extent plaintiff alleges a cause of action under the Jones Act and general maritime law for loss of

4

consortium due to the death of decedent, plaintiff's claim is dismissed.

*2.  LHWCA*

Plaintiff alternatively alleges in her original and amended complaints that decedent Jody Nunez was a longshoreman working in territorial waters at the time of his death and that her claim is brought pursuant to § 905(b) of the LHWCA. (*See* R. Doc. 1 ¶ 7; R. Doc. 41 ¶ 7.)

A longshoreman injured or killed in territorial waters under the LHWCA presents a different legal scenario than a seaman under the Jones Act or general maritime law.  Spouses of longshoremen killed in territorial waters can recover loss of consortium in wrongful death claims brought against vessels under the LHWCA. *Moore v. M/V Angela*, 353 F.3d 376, 383 (5th Cir. 2003) (relying on *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 585-91 (1974) and *Nichols v. Petroleum Helicopters, Inc.*, 17 F.3d 119, 122-23 (5th Cir. 1994)).  Accordingly, although plaintiff may not recover non-pecuniary remedies under the Jones Act, she may be able to recover damages for loss of consortium under the LHWCA.

**IV. CONCLUSION**

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  The Court dismisses plaintiff's claims for loss of consortium under the Jones Act and general maritime law.  The

Court denies defendants' motion to the extent it seeks to dismiss plaintiff's claims for loss of consortium under the LHWCA. Defendants' motion to dismiss plaintiff's § 905(a) claim is denied as moot.

New Orleans, Louisiana, this <u>20th</u> day of June, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE